RUBY M. HUMPHREY, Plaintiff-Appellant, v. METROPOLITAN LIFE INSURANCE COMPANY, Defendant-Appellee.

(No. 73-54; )

Third District—October 17, 1973.

James P. Kellstedt, of Peoria, for appellant.

Ross Canterbury, of Peoria, for appellee.

Mr. JUSTICE STOUDER delivered the opinion of the court:

Plaintiff-Appellant, Ruby Humphrey, appeals to this court from a judgment entered in favor of Defendant-Appellee, Metropolitan Life Insurance Company, in the circuit court of Peoria County. Plaintiff instituted this action to recover as a beneficiary on three life insurance policies, the named insured on each being her deceased daughter, Olivia Humphrey. Defendant moved to dismiss the complaint or in the alternative to strike certain paragraphs thereof. Prior to a hearing on the motion, plaintiff's attorney filed a petition for change of venue based on his belief the judge is prejudiced against him and such prejudice would impair the right of plaintiff to a fair trial. The trial court denied the petition for change of venue and thereafter ordered certain paragraphs be striken from the complaint, allowing plaintiff twenty-one days to amend the complaint. Plaintiff refused to participate in all subsequent proceedings.

An additional order of the court was then entered dismissing plaintiff's complaint and dismissing the cause with prejudice.

On appeal, this court has entered an order to consolidate the cause with *Little v. Newell*, 14 Ill.App. 564, the sole issue in both cases being whether the trial court erred in denying plaintiff's petition for change of venue. The attorneys for both parties are the same and also the same trial judge is involved. We believe the issue as to the propriety of the court's ruling is identical in each case. Therefore, our decision in this case is governed by the ruling in *Little v. Newell*.

Accordingly, the judgment of the circuit court of Peoria County is reversed and the cause remanded with directions to grant the petition for change of venue.

Judgment reversed and remanded.

DIXON, P. J., and SCOTT, J., concur.